| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | **(ECF)** |
| SOUTHERN DISTRICT OF NEW YORK | | |

- - - - - - - - - - - - - - - - - - - -:
UNITED STATES OF AMERICA,            :   05 CR. 0839 (DLC) (JCF)
                                     :
         Plaintiff,                  :      REPORT AND
                                     :      <u>RECOMMENDATION</u>
    - against -                      :
                                     :
JOSE NICHOLAS RODRIGUEZ,             :
                                     :
         Defendant.                  :
- - - - - - - - - - - - - - - - - - - -:
TO THE HONORABLE DENISE L. COTE, U.S.D.J.:

The United States of America (the "government") has moved pursuant to Rule 46(f) of the Federal Rules of Criminal Procedure for an Order and Judgment of Default against the defendant, Jose Nicholas Rodriguez, for $5,000, the amount of cash security posted in this case, and against Jose Nicholas Rodriguez and Miguel Rodriguez, jointly and severally, for $50,000, the amount of the personal recognizance bond posted to assure the appearance of Jose Nicholas Rodriguez in this criminal proceeding. By Order to Show Cause dated September 15, 2005, I gave the defendant and Miguel Rodriguez until September 30, 2005, to submit any opposition to the motion. They have not done so. For the reasons that follow, I recommend that the government's motion be granted in part.

<u>Background</u>

The defendant was arrested on July 21, 2005 and charged with passport fraud in violation of 18 U.S.C. § 1542. (Declaration of Arthur Gollwitzer III dated Aug. 24, 2005 ("Gollwitzer Decl."), ¶ 3). The defendant was released on bail consisting of a $50,000

1

recognizance bond secured by $5,000 in cash and co-signed by two financially responsible persons. (Gollwitzer Decl., ¶ 3 & Exh. A). The defendant was released on his own signature with the provision that the other conditions be met by July 29, 2005. (Gollwitzer Decl., ¶ 3).

On July 22, 2005, the defendant posted $5,000 in cash, and he and his father, Miguel Rodriguez, signed the bond. (Gollwitzer Decl., ¶¶ 4, 5 & Exh. A). The bond was never executed by a second co-signer. (Gollwitzer Decl., ¶ 4). Thereafter, the defendant failed to report to Pre-Trial Services as a condition of his release required. (Gollwitzer Decl., ¶ 5). His father was contacted but indicated that he did not know the defendant's whereabouts. (Gollwitzer Decl., ¶ 5). Accordingly, the Court issued a warrant for the defendant's arrest for failure to appear. (Gollwitzer Decl., ¶ 5 & Exh. B).

Discussion

Rule 46 of the Federal Rules of Criminal Procedure provides in part that following the release of a defendant on bail, "[t]he court must declare the bail forfeited if a condition of the bond is breached." Fed. R. Crim. P. 46(f)(1). Unless the forfeiture is set aside, "the court must, upon the government's motion, enter a default judgment." Fed. R. Crim. P. 46(f)(3)(A). Furthermore, "[t]he court may . . . enforce the surety's liability without an independent action." Fed. R. Crim. P. 46(f)(3)(C).

Here, the government has met all the requirements for obtaining forfeiture of the bond. Both Jose Nicholas Rodriguez and Miguel Rodriguez are liable on the bond, having signed it, and the bond became subject to forfeiture when the defendant failed to appear.

The only flaw in the government's application is the language with which it describes the remedy sought. The government requests a judgment "of the $5000 cash bond and the $50,000 appearance bond" (Gollwitzer Decl., ¶ 2), which seems to treat the $5,000 cash deposit and the $50,000 personal recognizance bond as independent, such that the defendant would both forfeit the cash and be liable for an additional $50,000. Such a remedy would be inconsistent with the plain language of the bond, which states that, in the event of a violation, the signatories "are bound to pay to the United States of America the sum of $50,000" and then notes that "$5,000 in cash or [other security]" had already been deposited in the Court. (Gollwitzer Decl., Exh. A). The cash deposit, then, is security for the promise to pay $50,000. Accordingly, while the defendant and Miguel Rodriguez are jointly and severally liable for $50,000, the $5,000 in cash that the government is now entitled to seize must be credited against that amount.

<u>Conclusion</u>

For the reasons set forth above, the government's motion should be granted to the extent that an Order and Judgment of

3

Default be entered against the defendant, Jose Nicholas Rodriguez, and his father, Miguel Rodriguez, jointly and severally in the amount of $50,000, and that the government be authorized to take ownership of the $5,000 cash security deposited with the Court in partial satisfaction of that liability.

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(e) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Denise L. Cote, Room 2102, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

James C. Francis IV
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
October 7, 2005

Copies mailed this date:

Arthur Gollwitzer, III, Esq.
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007

Jose Nicholas Rodriguez
c/o Paul S. Brenner, Esq.
401 Broadway, Suite 306
New York, New York  10013

Miguel Rodriguez
638 West 160th Street, Apt. 2B
New York, New York  10032